# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Bret William Smith,

        Plaintiff,

v.

Hennepin County Family Court, Judge Charlen Hatcher, Judge Kalhteen D. Sheehy, Terry Johnson, and Robyn L. Johnson,

        Defendants.

Civ. No. 19-3100 (DSD/BRT)

**REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff Bret William Smith's Complaint (Doc. No. 1), and Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 2, IFP Application.) For the following reasons, the Court recommends dismissing this action without prejudice to the extent it seeks injunctive relief, staying this action (and administratively closing the case) to the extent it seeks damages, and denying the IFP Application as moot.

## I.    BACKGROUND

Proceeding *pro se*, Smith filed the Complaint on December 17, 2019. (*See* Compl. 1.) Construing his pleading liberally, *see, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (noting that court must construe *pro se* complaint liberally (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), Smith appears to name five Defendants: the Hennepin County Family Court ("HCFC"), two HCFC judges (Charlen

Hatcher and Kalhteen D. Sheehy), Terry Johnson, and Robyn L. Johnson. (*See* Compl. 2.) Reviewing the Complaint and materials submitted by Smith, it appears that Robyn Johnson is a woman with whom Smith has a child; the Court will refer to this child as "J.S." (*See* Doc. No. 1-1, Exs. to Compl. 4, 9.)[1] Terry Johnson is Robyn Johnson's father, and J.S.'s grandfather. (*See, e.g.*, *id.* at 4.) The HCFC has overseen various disputes between Smith, Robyn Johnson, and Terry Johnson (among others) about J.S.'s custody; Hatcher and Sheehy are two HCFC judges who have handled parts of those disputes. (*See, e.g.*, *id.* at 5, 8.)

The Complaint details certain state-court proceedings in one of the custody disputes.[2] (*See* Compl. 4.) In the Complaint, Smith contends that an August 2017 court order (the August 2017 Order) resolved a "frivolous lawsuit." (*Id.*) Under the Order's

---

[1] Because the Exhibits are not consecutively paginated, references to them use the page numbers provided by the Court's CM/ECF filing system.

[2] Smith has presented the Court with seventeen pages of exhibits attached to the Complaint. (*See generally* Exs.) To the extent that Smith wants the Court to review the Exhibits to determine what causes of action might apply to various Defendants, the Court declines the invitation. Respectfully, it is Smith's job—not the Court's—to craft his Complaint. The Court has considered the Exhibits at certain points to understand the relationships between the parties, but the Court will not look through them to find relevant allegations or suggest possible causes of action. *See, e.g.*, *Murrin v. Avidigm Capital Grp., Inc.*, No. 07-CV-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008) (declining to look through documents to find "evidence that might establish a prima facie case" for certain claims (citing cases)); *see also Elias v. Lichinov*, No. 19-CV-7457 (MWF/JC), 2019 WL 4140983, at *2 (C.D. Cal. Aug. 29, 2019) ("To the extent plaintiff may believe that the contents of his supporting documents establish that he has somehow stated a viable claim, he is mistaken. It is not the Court's responsibility to sift through plaintiff's multiple submissions in an attempt to glean whether plaintiff has an adequate basis upon which to state a viable claim." (citing *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1066 (9th Cir. 2009))).

terms, Smith received "full physical, legal, permanent custody" of J.S. (*Id.*) However, the Order also provided Terry Johnson with visitation rights every weekend. (*See id.*) Over time, Smith alleges, he determined that Terry Johnson's visitation rights were not in J.S.'s (or Smith's) best interests. (*See id.*) Specifically, Smith claims that he "began to see and encounter violations" of the August 2017 Order by Terry Johnson. (*Id.*) As a result, Smith says, he "stopped, or . . . attempted to stop [Terry Johnson's] visitation." (*Id.*) Because the August 2017 Order was still in effect, however, Terry Johnson apparently filed a "contempt motion" against Smith based on Smith's failure to permit J.S.'s weekend visits.

Smith asks for "a federal judge to review [his] case and help [him] exercise his right to stop" the August 2017 Order. (*Id.*) The Complaint's "Request for Relief" section asks the Court to provide relief "such that [Smith] may be able to retain an attorney to help [him] litigate [his] case more effectively." (*Id.*) (The Court construes this as a request for the appointment of counsel in this action.) Smith claims that the August 2017 Order violates his federal constitutional rights as well as Minnesota "rules and guidelines for grandparent visitation." (*Id.*) Smith's exact request here is unclear, but the Court construes him as asking this Court to modify or terminate the August 2017 Order, at least to the extent that it provides Terry Johnson visitation rights. Smith also claims to seek $850,000 in damages "for emotional pain and suffering." (*Id.*)

For background, the Court has consulted public records from Minnesota state courts.[3] These indicate that the relevant underlying state-court case is *Smith v. Johnson*, Case No. 27-FA-15-2363, a child-custody proceeding commenced in April 2015 when Smith filed a petition to obtain custody over J.S. *See* Petition to Establish Custody & Parenting Time, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Apr. 8, 2015); *see also* Register of Actions, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Apr. 8, 2015) (showing that Smith's petition began Case No. 27-FA-15-2363). An August 2017 order in that case did indeed grant Terry Johnson certain weekend-visitation rights, and in September 2019, Terry Johnson did indeed move to have Smith held in contempt for not complying with those parts of that order. *See* Stipulation & Order 4, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Aug. 17, 2017) (setting Terry Johnson's visitation rights); Notice of Mot. & Mot. for Contempt of Court 3, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Sept. 19, 2019) (filing by Terry Johnson asserting violations).

Shortly thereafter, the state court, after a hearing, appointed a guardian *ad litem* for J.S. *See* Order Appointing Guardian Ad Litem, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Nov. 22, 2019). In December 2019, Smith moved to have Terry Johnson's visitation rights altered—specifically, to reduce his visitation time to "5 to 6 visits per year," for "no more than two hours." *See* Not. of Mot. & Mot. for Parenting

---

[3] The state-court records cited in this and the next paragraph are not attached to any filings. They are publicly accessible, however, and this Court may take judicial notice of public court records. *See, e.g.*, *Bellino v. Grinde*, No. 18-CV-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases).

4

Time Assistance 4, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Dec. 3, 2019). Judge Hatcher scheduled a review hearing in the matter on February 11, 2020; that hearing has since been rescheduled for June 23, 2020. *See* Order 2, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Dec. 6, 2019); Not. of Hr'g, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Feb. 14, 2020). Therefore, it appears that Terry Johnson's contempt motion, and Smith's motion to alter Terry Johnson's visitation rights, are both still pending in ongoing state-court litigation.

## II.   ANALYSIS

The ongoing state-court proceedings discussed above raise the issue of so-called *Younger* abstention. Under that doctrine, federal courts "should not exercise federal jurisdiction where '(1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding.'" *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) (quoting *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010)); *see also Colvin v. Plymouth Police Dep't*, No. 19-CV-0883 (DSD/BRT), 2019 WL 4933661, at *1 (D. Minn. Oct. 7, 2019) (making same point (quoting *Plouffe*)).

Each *Younger* element exists here. As discussed above, Case No. 27-FA-15-2363 is a presently ongoing state-court proceeding. Caselaw is clear that managing family-law matters is an important state interest. *See, e.g.*, *Baylor v. Eto*, No. 19-CV-0442 (MJD/HB), 2019 WL 3470798, at *4 (D. Minn. May 30, 2019) (citing *Carlson v. Cty. of Ramsey*, No. 16-cv-0765 (SRN/BRT), 2016 WL 3352196, at *6 (D. Minn. June 15, 2016), *aff'd*, 673 F. App'x 601 (8th Cir. 2017)), *report and recommendation adopted*,

2019 WL 3456841 (D. Minn. July 31, 2019). And the Court sees no reason why Smith cannot raise any federal-law issues relevant to Case No. 27-FA-15-2363 in that proceeding itself. Indeed, it appears he is trying to do just that. *See, e.g.*, Aff. in Supp. of Mot. for Parenting Time Assistance 2, *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct. Dec. 3, 2019) (invoking U.S. Constitution's Fourteenth Amendment). The Court thus concludes that *Younger* abstention applies to this action. The Court therefore recommends that the action be dismissed without prejudice to the extent that Smith seeks equitable or injunctive relief.

As noted above, however, the Complaint also seeks monetary damages. This raises the question of how the Court should handle that portion of the case. The U.S. Court of Appeals for the Eighth Circuit has indicated that where *Younger* abstention applies in a suit for damages, the proper disposition is a stay rather than a dismissal. *See, e.g.*, *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603 (8th Cir. 1999) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)); *Colvin*, 2019 WL 4933661, at *1 (citing *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998)). The Court thus recommends that the Complaint's monetary-damages component should be stayed until the Minnesota state courts conclude their work in Case No. 27-FA-15-2363.[4] The Court further recommends that the case's stayed portion be administratively

---

[4]   The Court makes no recommendation concerning any specific claims in the Complaint, but notes that certain claims will almost certainly go nowhere if and when this action continues. For instance, under the doctrine of absolute judicial immunity, it is hard to see how any part of Smith's claims for damages could proceed against Defendants Sheehy and Hatcher. *Cf. Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020) (discussing judicial immunity).

closed, with Smith ordered to inform this Court within 30 days once Case No. 27-FA-15-2363 is resolved.

Under the Court's recommendation, no part of the Complaint remains for consideration. As a result, the Court further recommends denying as moot both the IFP Application as well as the request for counsel presented in the Complaint.

## RECOMMENDATION

Based upon the above, and upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Complaint filed by Plaintiff Bret William Smith (Doc. No. 1), be **DISMISSED WITHOUT PREJUDICE** to the extent it seeks declaratory or injunctive relief.

2. Resolution of the Complaint's remaining claims (i.e., claims for monetary relief) be **STAYED** pending resolution of the state-court case docketed as *Smith v. Johnson*, Case No. 27-FA-15-2363 (Minn. Dist. Ct.), and Smith **ORDERED** to inform this Court within **30 days** of the date when Case No. 27-FA-15-2363 is resolved.

3. Smith's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2)—and the Complaint's request for the appointment of counsel—be **DENIED** as moot.

4. This case be **ADMINISTRATIVELY CLOSED**.

Dated: March 24, 2020              *s/ Becky R. Thorson*
                                   BECKY R. THORSON
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).